The **MEADOWS OF WEST MEMPHIS,** An Arkansas Limited Partnership; **Robert E. McCarley;** and **James C. Rainer III,** Plaintiffs,

v.

**CITY OF WEST MEMPHIS, ARKANSAS;** Bill Burnett; Roger Sumpter; Clarence Guin; Doug Morris; Robert Jackson; Pritchard Horton; Joe Brasfield; Randy Dalton; Larry Shelton; and James Cooper, Defendants.

No. J–C–85–207.

United States District Court,
E.D. Arkansas,
Jonesboro Division.

Dec. 13, 1985.

Rieves & Mayton, West Memphis, Ark., for plaintiffs.

David H. White and Winston Bryant (City of West Memphis atty.), Robert Smith, City Atty., City of West Memphis, North Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

Pending before this Court is the defendants' motion to dismiss. Having reviewed the record, the Court finds that plaintiffs' complaint is not ripe for adjudication.

The record indicates that plaintiffs had arranged to finance a housing development for low to moderate income families through the Arkansas Development Finance Authority Multi-Family Housing Renewal Bonds, (FHA ISSUED MORTGAGE LOANS) 1985 Series C, pursuant to Act No. 1062 of the General Assembly of the State of Arkansas, for the year 1985. The proposed construction was within the boundaries of West Memphis, Arkansas. The project was to be known as the Meadows Apartments, consisting of 72 units. Act No. 1062 specifically allows governmental subdivisions within which these projects are proposed to be built to delay the financing for one year by passing a resolution against the proposed financing and notifying the Arkansas Development Finance Authority.

The West Memphis City Council passed Resolution 1015 in response to plaintiff's proposed project and stated numerous reasons for so doing. As a result of this action, plaintiffs now claim sufficient injury to themselves and relationship to any future tenants of their proposed project to litigate Civil Rights and Fair Housing Act claims. The only direct injury alleged by plaintiffs is the speculation costs that have been expended in devising, planning and arranging financing for the project. This injury alone is too remote to state a justiciable "case" or "controversy" as required under Article III of the United States Constitution. *Secretary of State of Maryland v. Munson*, 467 U.S. 947, 104 S.Ct. 2839, 2846, 81 L.Ed.2d 786 (1984), citing *Singleton v. Wolff*, 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 19 L.Ed.2d 826 (1976).

A further problem for plaintiffs is the fact that this alleged injury is due to the proper exercise of governmental discretion. It does not rise to the level of a justiciable injury in fact for the plaintiffs to have "hoped" the idea would go through and pay off for them. This was intended by the Arkansas Legislature to be a risk of getting involved with this type of financing. The legislative history of Act 1062 indicates that the Arkansas Legislature wanted governmental subdivisions to indicate their resolve against such financing before the bonds were issued and the expense of producing these finances had progressed very far. This is illustrated by the fact that the governing subdivision can only delay the issuance of the proposed bonds for one year—*not block them totally.*

While this Court is mindful of case law permitting developers to exert the rights of their future low and moderate income inhabitants, the facts of this case are quite different. The Supreme Court has made it clear that "assertion of a right to a particular kind of Government conduct [i.e., approving low income developments and financing], which the Government has violated by acting differently, cannot alone satisfy the requirements of Article III without draining those requirements of meaning." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 483, 102 S.Ct. 752, 764, 70 L.Ed.2d 700 (1982). *See also*

459

*Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 3327, 82 L.Ed.2d 556 (1984); *U.S. v. Richardson,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974).

At this stage of the process, plaintiffs still could be able to complete their project. They have claimed no property rights, denial of permits or zoning changes that could potentially have ripened this case to a justiciable issue.

Accordingly, defendants' motion to dismiss is granted.